IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


LINDA MICHAEL,

    Plaintiff,

vs.                                    Case No. 4:07cv545-WS/WCS

FLORIDA PAROLE COMMISSION,

    Defendant.

_____/


## REPORT AND RECOMMENDATION

Several orders were entered seeking clarification from the *pro se* Plaintiff as to the claims raised in this case. Docs. 7, 8. Plaintiff's responses, docs. 9-11, and review of the amended complaint, doc. 12, reveal that this case cannot proceed for a multitude of reasons.

Plaintiff is incarcerated in Oklahoma, transferred there under the Interstate Corrections Compact. Plaintiff is suing Florida parole officials for alleged constitutional violations concerning "state parole procedures, parole eligibility." Doc. 10, p. 7. Plaintiff notes that she previously has filed cases concerning the "Commission's refusal to acknowledge parole eligibility on the Plaintiff's 1991 non-guideline life sentence . . . ." *Id.*, at 4. Plaintiff's case, treated in state court as a petition for writ of mandamus, was dismissed. *Id.*, at 5.

Plaintiff was convicted in Novembe,1992, by a jury of the state offense of second degree murder. Doc. 10, p. 8. She was sentenced to life in prison, and distinguishes her sentence from one of "natural life." *Id.*, at 9, 14. Plaintiff argues that she has a parole eligible sentence and that under FLA. STAT. § 947.16(1)(d), she should have been given an initial parole interview. Plaintiff contends that the Parole Commission is not following its rules and regulations, and that the state court decision was "clearly contrary to established mandatory state parole statutes, procedures and policy . . . ." *Id.*, at 7. She also claims the state court failed to reach the merits of her administrative parole challenge. *Id.*

Plaintiff's claims rely upon what a commentator refers to as an "anomaly" in Florida law. Doc. 10, Ex. D. The issue arises from the difference for sentences imposed for offenses occurring between October 1, 1983, when parole was abolished in Florida, except for capital felonies, and May 24, 1994, when parole was abolished for capital felonies. *Id.* Had Plaintiff been convicted of first degree murder as originally charged, she would have either received a death sentence or a sentence of life imprisonment with a minimum mandatory 25 year term, but the life term was parole-eligible after 25 years. *Id.* Instead, she received a life sentence, above the guideline range, for second degree murder, a sentence that is not parole-eligible. Doc. 10, p. 7.

The commentator is correct with respect to Plaintiff's circumstance. Second degree murder in Florida is a felony of the first degree punishable by a term of years not exceeding life imprisonment. FLA. STAT. § 782.04(2). It is not a capital felony. As explained by the Second District Court of Appeal, Plaintiff is not eligible for parole in Florida, but would have been parole-eligible had she been convicted of a capital felony:

> For anyone convicted of a non-capital felony committed on or after October 1, 1983, the term "parole" no longer exists. See § 921.001(8), Fla. Stat. (1983). Capital felons are still parole-eligible as they are not sentenced under section 921.001. *Gresham v. State*, 506 So. 2d 41 (Fla. 2d DCA 1987).

Dolan v. State, 618 So. 2d 271, 272 (Fla. 2d DCA), *review denied*, 626 So. 2d 204 (Fla. 1993).

It is uncertain whether Plaintiff claims that this Court should correct alleged errors of state courts that have ruled upon her claims, but if that is one of her claims, this Court does not have such authority. The *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). This doctrine operates as a jurisdictional bar. In Feldman, the Court reaffirmed the validity of Rooker and reminded federal courts that, "because federal review of state court decisions is entrusted solely to the Supreme Court, they may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." Wood v. Orange County, 715 F.2d 1543, 1546 (11th Cir. 1983), *cert. denied,* 467 U.S. 1210 (1984), *interpreting* Feldman, 263 U.S. at 485-86, 103 S. Ct. at 1316-17. The issues raised by Plaintiff are inextricably intertwined with the decisions to deny relief in her various state court cases and, moreover, are intertwined with the sentence Plaintiff received.

Likewise, if this case is properly proceeding as a § 1983 action, that Florida courts have rejected Plaintiff's claims results in the bar of *res judicata*. The doctrine of

*res judicata* forecloses relitigation of matters actually or potentially litigated in an earlier lawsuit. Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991).

It is arguable, however, that Plaintiff's due process and equal protection claims are challenges to the legality of an aspect of her sentence, that her sentence under Florida law is not parole-eligible. Plaintiff asks this Court to "declare the 1991 life sentence parole-eligible under the law and issue a directive to the parole commission to set a belated E.P.D. of declare the sentencing structure unconstitutional." Doc. 10, p. 17. Prisoners may not seek to reduce their period of confinement through a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Attacking the length of a period of incarceration by seeking changes to one's sentence is an attack on the length of confinement which is a *habeas corpus* claim and may only be litigated through the filing of a habeas petition under 28 U.S.C. § 2254.

If this suit were construed to be a § 2254 petition, it would probably be time-barred. There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1).[1] The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[2] The limitations period is tolled for "[t]he time during which a

---

[1] Where the conviction was final before the effective date of the AEDPA, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 or a motion to vacate filed pursuant to 28 U.S.C. § 2255 is timely as it is filed on or before April 23, 1997. Goodman v. United States, 151 F.3d 1335, 1337-38 (11th Cir. 1998) ( § 2255); Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998) (§ 2254); 28 U.S.C. S 2244(d).

[2] The period runs from the latest of these dates:

properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  § 2244(d)(2).

But it is also arguable that Plaintiff only seeks a declaration of eligibility for parole consideration by Defendant, The Florida Parole Commission, a procedural claim that does not seek a shorter sentence.  Thus, it is not recommended that the Court construe this suit as a habeas petition.

As a § 1983 case, the claims are time-barred.  The length of the limitations period is governed by state law.  The statute of limitations for a claim brought in Florida pursuant to 42 U.S.C. §§ 1981 or 1983 is four years.  Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Rindley v. Gallagher, 890 F.Supp. 1540, 1549, n. 1 (S.D. Fla. 1995) (citing Wilson).

While the length of the period is determined by state law, the date of accrual of a § 1983 action is a question of federal law.  Mullinax v. McElhenney, 817 F.2d 711, 716

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D).

Case No. 4:07cv545-WS/WCS

(11th Cir. 1987) (and cases cited). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury and who inflicted the injury. *Id.* (citations omitted).

Plaintiff's claims accrued when she was sentenced, in 1992. She knew then, or should have known, that she was not eligible for parole. She certainly would have known in the several years thereafter, when she was not interviewed for parole consideration. Her § 1983 claims, therefore, are time-barred.

Even if the claims were not time-barred, Plaintiff has failed to allege claims upon which relief might be granted. State-created procedures can give rise to a protected liberty interest for purposes of procedural due process when those procedures place substantive limitations upon official discretion. The most common manner is for the state to create "substantive predicates" mandating the outcome to be reached upon a finding that the relevant criteria have been met. Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). *See also*, Hewitt v. Helms, 459 U.S. 460, 471-472, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999). Plaintiff has no right to parole or a parole hearing under Florida law. Thus, she cannot have a federal procedural due process claim.

> Likewise, Plaintiff has failed to allege an equal protection claim.
>
> To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001);

Page 7 of 8

*Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986).

<u>Sweet v. Secretary, Dept. of Corrections</u>, 467 F.3d 1311, 1318-1319 (11th Cir. 2006), *cert. denied*, 127 S.CT. 2139 (2007).

Had Plaintiff been convicted of first degree murder, she might have been sentenced to death. Sentencing above the guideline range is permitted if the factors for departure exist. Plaintiff has not alleged any facts to show that someone similarly situated was treated more favorably, or that she has been subjected to discrimination based upon race or some other protected basis. As explained in <u>Brown v. State</u>, 565 So. 2d 369 (Fla. 1st DCA 1990), *review denied*, 576 So. 2d 285 (Fla. 1991):

> The appellant has also challenged the legality of the life sentence for second degree murder without possibility of parole. He argues that since the state waived the death penalty prior to trial that the maximum sentence which may have been imposed for second degree murder (life without possibility of parole) exceeded the maximum sentence which may have been imposed for first degree murder (life sentence with eligibility for parole in 25 years).[2] The appellant argues that this scenario violates due process, equal protection and constitutes cruel and unusual punishment.
>
> > [2]Pursuant to § 921.001(10), Fla.Stat. (1989), persons sentenced for second degree murder pursuant to sentencing guidelines are not eligible for parole.
>
> Appellant ignores the fact that even though the prosecutor waived the death penalty that the maximum sentence for first degree murder, pursuant to statute, was the death penalty. The minimum sentence was a life sentence with eligibility for parole after 25 years.[3] The defendant is essentially complaining because the potential maximum sentence for second degree murder exceeds the minimum sentence for first degree murder. Since there are a number of factors other than seriousness of the crime which enter into sentencing decisions, this is clearly not a problem. Nor is a problem created because a life sentence for first degree murder is less severe than the life sentence for second degree murder. *Bloodworth v. State*, 504 So. 2d 495 (Fla. 1st DCA 1987).

Case No. 4:07cv545-WS/WCS

> [3]Appellant cannot, after having been given the advantage of not facing the death penalty, argue that the exercise of the prosecutor's discretion in his favor creates a constitutional problem.

565 So. 2d at 370-371.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 12, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 13, 2008.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**